09-5251-ag
Zhu v. Holder

BIA
Lamb, IJ
A097 660 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand eleven.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        DENNY CHIN,
                *Circuit Judges*.
_____

MING ZHU,
        *Petitioner*,

        v.                                          09-5251-ag
                                                    NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Don G. Scroggin,
                       Trial Attorney, Office of
                       Immigration Litigation; U.S.
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ming Zhu, a native and citizen of the People's Republic of China, seeks review of an November 30, 2009, decision of the BIA affirming the decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Zhu,* No. A097 660 552 (B.I.A. Nov. 30, 2009), *aff'g* No. A097 660 552 (Immig. Ct. N.Y. City March 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237(2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in finding that Zhu had failed

to demonstrate his eligibility for asylum. The agency correctly relied on binding precedent in finding that the alleged forced sterilization of Zhu's wife did not render Zhu *per se* eligible for asylum. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (*en banc*) (holding that an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer"). Similarly, the agency did not err in finding that conceiving a second child with his wife did not constitute an act of "other resistance" to China's family planning policy so as to render Zhu eligible for asylum. *See Matter of S-L-L-,* 24 I. & N. Dec. 1 (BIA 2006). Because Zhu failed to demonstrate "other resistance," we need not reach the issue of the fine; the fine cannot be "persecution" within the meaning of the Act, because it was not imposed on account of Zhu's "other resistance." *See* 8 U.S.C.A. § 1158(b)(1)(B)(i).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk